UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
|---|---|---|---|
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Sharon Seffens |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Douglas Baek | Franklin Love |

**Proceedings:** Plaintiff's Motion for Attorney Fees and Costs

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the plaintiff's motion (with modifications) and rules in accordance with the tentative ruling as follows:**

Plaintiff Anna Vardanyan ("Plaintiff") moves for an award of attorneys' fees and costs. (Motion, Docket No. 49.) On December 10, 2012, after a bench trial, this Court granted judgment in favor of Plaintiff for technical violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* (Judgment, Docket No. 47.) The Court awarded $110.00 in damages and ordered that Plaintiff, as the prevailing party, shall recover all court costs and reasonable attorneys' fees from Defendant. (Id.) Plaintiff seeks $37,861.50 in attorneys' fees and $750.96 in costs, for a total of $38,612.46. (Motion, at 8.) Defendant filed an untimely opposition. (Opposition, Docket No. 52.) Plaintiff filed a reply on January 22, 2013.[1] (Reply, Docket No. 56.) Defendant filed a timely supplemental opposition. (Supplemental Opposition, Docket No. 57.) For the following reasons, the Court **GRANTS** the motion but modifies the award.

I.  LEGAL STANDARD

"The FDCPA's statutory language makes an award of fees mandatory" to a prevailing plaintiff because "'[C]ongress chose a private attorney general approach to

---

[1]The Court requested additional briefing on January 15, 2013. (Order, Docket No. 55.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

assume enforcement of the FDCPA.'" Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995)); see 15 U.S.C. § 1692k(a)(3) (providing that any debt collector who fails to comply with FDCPA provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court"). FDCPA plaintiffs "seek[ ] to vindicate important . . . rights that cannot be valued solely in monetary terms . . . and [C]ongress has determined that the public as a whole has an interest in the vindication of statutory rights." Tolentino, 46 F.3d at 652 (citation omitted). The RFDCPA includes a similar requirement. Akins v. Enter. Rent-A-Car Co. of San Francisco, 79 Cal. App. 4th 1127, 1132 (2000).

The calculation of attorneys' fees is guided by the "lodestar/multiplier" analysis. See Ketchum v. Moses, 24 Cal. 4th 1122, 1134 (2001); see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal. 4th at 1131–32 (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)). In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48). "The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court" based on a variety of factors. Id.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of
> the questions involved; (3) the skill requisite to perform the legal
> service properly; (4) the preclusion of other employment by the
> attorney due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved
> and the results obtained; (9) the experience, reputation, and ability
> of the attorneys; (10) the "undesirability" of the case; (11) the nature

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

and length of the professional relationship with the client; and
(12) awards in similar cases.

Fischel v. Equitable Life Assurance Society, 307 F.3d 997, 1007 n.7 (9th Cir. 2001). The Court is cautious not to adjust the lodestar figure based on any of the foregoing factors that are subsumed into the original lodestar calculation.[2] Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996).

II.     DISCUSSION

   A.   Defendant's "Bad Faith" Objection

   Defendant argues that any award should be offset by its fees because Plaintiff made bad faith allegations. (Opposition, at 3–6.) Defendant did not prevail and therefore is not entitled to fees because the action "was brought in bad faith and for the purpose of harassment." Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 706 (9th Cir. 2010) ("Congress intended to condition an award of costs to a *prevailing defendant* upon a finding of bad faith and harassment on plaintiff's part." (emphasis added)); see 15 U.S.C. § 1692k(a)(3); Fed. R. Civ. P. 54(d)(1) (allowing court to award costs to prevailing party). The Court has no reason to believe Plaintiff or her counsel acted in bad faith, and the purpose of discovery and other pre-trial mechanisms is to narrow the issues and streamline the proceedings. Therefore, the Court will not offset the award and does not consider objections that are based on "false allegations" or other alleged bad faith conduct.

   B.   Lodestar Analysis

     1.   Hourly Rates

   Defendant does not contest the rates charged by Plaintiff's counsel, which ranged from $149–$495, and mostly $285. (See Motion Exhibits A–E, Docket No. 49.) According to the 2010–2011 Consumer Law Attorney Fee Survey, the average rate for attorneys in California is $347 for those practicing 3–5 years; $387 for 6–10 years; and

---

   [2] Plaintiff has not requested an upward adjustment, and the circumstances of this case do not warrant the application of a multiplier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

$419 for 16–20 years. (Exhibit C, at 19.) Counsel's rates are below those averages, and need not be adjusted.

    2.    Hours Expended

The parties disagree as to whether the hours expended were reasonable. Plaintiff argues that the 132.2 hours are justified because (1) she prevailed on the FDCPA and RFDCPA counts, (2) no additional time was unreasonably incurred on withdrawn claims,[3] (3) and discovery was necessary. (Reply, at 2–6.) Defendant argues that the attorneys' fee award should be proportional to the actual damages Plaintiff recovered. (Opposition, at 4–5.)

First, the Court will reduce the hours expended by the paralegal, which were billed at a rate of $140. Purely clerical or secretarial tasks should not be billed at a paralegal rate because these are "overhead" expenses included in attorney's fees. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 285, 288 n.10 (1989) (detailing tasks substantive paralegals may perform). The paralegal billed 2.7 hours for secretarial tasks, including electronic filing, organization and scanning of documents, calendaring, serving notices, and preparing proofs of service. The Court therefore reduces the award by $378. The Court will not reduce the hours expended by Christopher Addy, who billed 2.1 hours to draft and review the Complaint. This is acceptable for a straightforward filing. See St. Bernard v. State Collection Serv., Inc., 782 F. Supp. 2d 823, 827–28 (D. Az. 2010) (reasoning that drafting FDCPA claim should take between 2–5 hours). The Court will not reduce the hours expended by James Pacitti, who billed 2.4 hours for opening the case file, interviewing the client, and determining potential claims. The Court disagrees with Defendant's objections to hours billed by Mahadhi Corzano. The Court finds that it was reasonable to bill, *inter alia*, 6.7 hours for two scheduling conferences (which mainly covered travel time), .9 hours to review the answer and affirmative defenses, .8 hours to draft Rule 26(a) disclosures, 1.2 hours to prepare a Rule 26(f) report, and 1 hour to prepare a discovery request. Therefore, the total fee for these individuals is $4830.

Second, the Court will reduce the hours billed by Douglas Baek. Baek's extensive

---

[3] Specifically, Plaintiff withdrew claims that Defendant violated sections 1692d and 1292d(5) of the FDCPA, and sections 1788.11(d) and 1788.11(e) of the RFDCPA. (Reply, at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

involvement began in early October 2012, after Plaintiff withdrew some claims on October 2. The Court will not reduce the billed hours for drafting the attorneys' fee motion and reply (4); the bench trial (5.5); the second pretrial conference and related preparation (4.7); or some communications (.7). It will, however, reduce the 1.6 hours billed for receipt of ECF notices to .6, because these items repeatedly were billed for one tenth of an hour although they could not reasonably have taken so long. (See, e.g., Motion Ex. A, at 3 (charging .1 for receipt of ECF notice of judgment Baek had just filed).) It will also delete the time billed for the first pretrial conference (4 hours), which was continued because Plaintiff failed to submit her direct examination by declaration; counsel should not be compensated for failure to comply with the Court's orders. Baek billed 6 hours for researching, drafting, and finalizing Plaintiff's findings of fact and conclusions of law, and 1.5 hours to draft Plaintiff's declaration for trial. (Motion Ex. A, at 3–5.) Because the substantive issues in the case were significantly narrowed, making the findings of fact and conclusions of law a straightforward six-page document, and the declaration is only 2 pages long, the Court finds that a more appropriate charge for these tasks is 4 hours total.

The Court is troubled by the 50 hours Baek billed for trial preparation. This includes 5.5 hours for his initial review of documents in preparation for trial, such as discovery requests and outline creation; 3 hours to review this information and organize it as exhibits; 6 hours to create a chronology in the trial and draft an opening and closing statement; 7 hours to edit the opening and questions for witnesses; 4 hours to draft additional closing and rebuttal arguments; 1 hour to prepare a trial binder, 2.5 hours to review the deposition and outline re-direct questions; 4.5 hours for a mock trial; 4.5 hours to modify his presentation after already revising it after the mock trial; 2.5 hours to again review outlines and reorganize the documents; and 4.5 hours to run through the trial with the client. (See Motion Ex. A, at 3–4.) The Court finds these hours excessive, especially when Plaintiff's findings of fact and conclusions of law—first filed on November 5, 2012—narrowed the issues and established that the core violation of the statutes probably was technical. (See Findings of Fact and Conclusions of Law, Docket Nos. 35, 36, 41.) Further, given counsel's experience, it is unreasonable to charge over two full days to prepare for this trial, especially when much of the work appears duplicative and includes secretarial tasks. The trial itself lasted 2 hours. Therefore, the Court finds it appropriate to impose a 75 percent reduction in hours, to 12.5, which takes into account the limited complexity of the issues, the time and labor reasonably required, counsel's experience, and the nature of the work performed. Accordingly, the Court subtracts a total of 46

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

hours from the amount billed by Baek, bringing his total fee to $9,262.50 for 32.5 hours of work.

Third, the Court finds that the hours billed by Jessica Pascale were, in themselves, reasonable, especially because of Defendant's decision to deny almost all the allegations in the Complaint and request for admissions. (See Reply Ex. A, Docket No. 56-1.) This includes preparing for Defendant's deposition (3 hours), conducting Defendant's deposition (1.2), preparing pretrial orders (2), preparing for and engaging in mediation (3.2), preparing for and attending Plaintiff's deposition (6.2), and conducting documentary discovery.

Although the Court recognizes that the "attorney fees must not hinge on a percentage of actual damages awarded," St. Bernard, 782 F. Supp. 2d at 826, the Court finds that lodestar amount should be lowered by a percentage cut in Pascale's hours because Plaintiff achieved minimal success, see Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) (allowing court to make across-the-board percentage cuts either in number of hours claimed or in final lodestar figure); see also Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1150 (9th Cir. 2001). In assessing the propriety of lowering the lodestar, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436; see also Dang v. Cross, 422 F.3d 800, 812–13 (9th Cir. 2005). This is because, "[a]lthough the plaintiff often may succeed in identifying some unlawful practice or conditions, the range of possible success is vast. That the Plaintiff is a 'prevailing party', therefore, may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved. 461 U.S. at 436.[4] (holding that district court improperly failed to consider relationship between extent of success and amount of fee award). Branco v. Credit Collection Servs., Inc., No. 2:10-cv-01242-MCE-EFB, 2011 WL 6003877 (E.D. Cal. Dec. 1, 2011) is instructive. The Branco court found that Defendant only committed a technical violation of the FDCPA and awarded Plaintiff $1 in statutory damages, .01 percent of the statutory damages initially sought, and $1,147.13 in attorneys' fees. Id. at *5. The court relied on Carroll v. Wolpoff & Abrahamson, 53 F.3d 626, 629–30 (4th Cir. 1995), where the Fourth Circuit upheld a fee award of $500, ten times the amount of statutory damages the plaintiff received for a technical FDCPA

---

[4] Hensley did not discuss the fee shifting statute contained in the FDCPA; however, it did discuss a similar fee shifting statute applicable to civil rights litigation—42 U.S.C. § 1988.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

violation. 2011 WL 6003877, at *5.

      In this case, Plaintiff withdrew her most serious allegations, including that Defendant constantly and continuously placed called her or engaged in the conduct with intent to annoy, harass, or abuse. (See Notice of Withdrawal, Docket No. 23.) Plaintiff does not show that she could have prevailed on those claims based on the available evidence, although Defendant also does not prove that it would have prevailed. At trial, the Court found that the technical violation of the FDCPA and RFDCPA merited only $110, the statutory minimum. Thus, Plaintiff only received 1 percent of the statutory damages she originally sought for the FDCPA claim, and 10 percent of the statutory damages for the RFDCPA claim. The Court finds that an across-the-board cut in Pascale's hours by 60 percent is warranted because of the nature of the case and the complexity of the issues, awards in similar cases, the fact that it did not involve much risk on the part of counsel, and because evidence indicates that Plaintiff failed to pro-actively engage in discovery that could have narrowed the issues and supported a resolution much sooner. In particular, during Plaintiff's deposition, she still had no phone records of the activity she was complaining of; Pascale informed Defendant's counsel that they had only "begun the process to subpoena the phone records." (See Deposition Excerpts, Docket No. 52-4, at 9.) She even admitted that she was unaware if her paralegal had sent a subpoena to the phone company yet. (Id. at 26.) The absence of this information arguably made mediation less effective and the depositions and related preparation more protracted. The Court believes that this reduction will appropriately balance the extent of Plaintiff's success and diligence with the private attorney general enforcement mechanism of the FDCPA and RFDCPA. Therefore, Pascale's total fee is $3,716.40 for 13.04 hours of work.

      Finally, the Court will reduce the hours expended by Adam Krohn. Krohn billed 2 hours for discussing trial and deposition strategy with his associates, but in light of the Court's finding that the trial preparation was excessive, a 50 percent reduction is appropriate. (See Motion Ex. A, Docket No. 49-1, at 3–5.) Therefore, Krohn's total fee is $495.

      Accordingly, Plaintiff is awarded $18,303.90 in attorneys' fees.

    **C.**    **Costs**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-01474-JVS (JCGx) | Date | February 11, 2013 |
| Title | Anna Vardanyan v. CMRE Financial Services Inc. | | |

Defendant does not dispute the requested costs. The Court finds that they are reasonable and **GRANTS** the request for $750.96 in costs, which includes expenses for filing and service fees and for travel.

III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and awards Plaintiff $19,054.86 in attorneys' fees and costs.

IT IS SO ORDERED.

| | 0 | : | 11 |
|---|---|---|---|
| Initials of Preparer | kjt | | |